UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:15:CV-00637-CEM-DAB

ACME WORLDWIDE ENTERPRISES, INC.

Plaintiff,

v.

INDUSTRIAL SMOKE & MIRRORS, INC.

Defendant.
_______________________________________/

**DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL (INJUNCTIVE RELIEF SOUGHT)**

Defendant, Industrial Smoke & Mirrors, Inc. ("ISM"), by and through its undersigned counsel, hereby files its Answer, Defenses and Affirmative Defenses to Plaintiff, ACME Worldwide Enterprises, Inc.'s ("ACME") Complaint for Patent Infringement and Demand for Jury Trial (the "Complaint")[1], and states as follows:

## I. PARTIES

1. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the allegations contained in paragraph 1 of the Complaint and, therefore, denies these allegations.

2. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the allegations contained in paragraph 2 of the Complaint, that ACME is the owner of U.S. Patent No. 8,690,575 B1 titled Method for a Weapon Simulator ("the '575 Patent"). Therefore, ISM denies these allegations.

---

[1] In the Complaint's opening paragraph, ACME refers to "unfair competition and other related claims" where no such claims are contained within the Complaint. Indeed, the Complaint only asserts claims for patent infringement and contributory infringement. ISM denies any unfair competition or related claims.

3. ISM denies the allegations contained in paragraph 3, as phrased. Further answering, ISM admits it is a corporation organized and existing under the laws of Florida, having its principal offices at 3024 Shader Road, Orlando, Florida 32808. ISM also admits that it specializes in design, analysis and fabrication of world-class innovative simulation products, including weapons simulation systems.

## II. JURISDICTION AND VENUE

4. ISM admits that this action purports to be brought pursuant to 35 U.S.C. §§ 271 et seq., but denies any alleged infringement, and denies that ACME has stated a cause of action or that ACME is entitled to any relief whatsoever. Further answering, ISM denies this Court has subject matter jurisdiction, because 28 U.S.C. § 1498(a) provides an immunity to ISM. Specifically, 28 U.S.C. § 1498(a) precludes patent infringement actions against government contractors and subcontractors, like ISM, who are alleged to infringe a patent as a result of the performance of a government contract, and requires such actions to be brought exclusively against the federal government in the United States Court of Federal Claims.

5. ISM admits this Court has personal jurisdiction over ISM, but denies the remaining allegations contained in paragraph 5 of the Complaint. Notwithstanding personal jurisdiction, the above-styled action does not belong in this district court and ISM is not properly before this district court, because 28 U.S.C. § 1498(a) provides an immunity to ISM. Specifically, 28 U.S.C. § 1498(a) precludes patent infringement actions against government contractors and subcontractors, like ISM, who are alleged to infringe a patent as a result of the performance of a government contract, and requires such actions to be brought exclusively against the federal government in the United States Court of Federal Claims.

6. ISM denies venue is properly laid in this judicial district and division, because 28 U.S.C. § 1498(a) provides that the United States Court of Federal Claims is the exclusive venue

for resolution of these claims. Specifically, 28 U.S.C. § 1498(a) precludes patent infringement actions against government contractors and subcontractors, like ISM, who are alleged to infringe a patent as a result of the performance of a government contract, and requires such actions to be brought exclusively against the federal government in the United States Court of Federal Claims.

## III. BACKGROUND FACTS

7. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the allegations contained in paragraph 7 of the Complaint and, therefore, denies these allegations.

8. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the allegations contained in paragraph 8 of the Complaint and, therefore, denies these allegations.

9. ISM admits there were weapon simulators featuring dynamically controlled, pneumatically operated recoil simulation devices which had been sold and were in public use prior to the time ACME began to research and design its GAR® weapons simulator. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the remaining allegations contained in paragraph 9 of the Complaint and, therefore, denies these allegations.

10. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity as to whether ACME is the owner of the entire right, title and interest to and in the '575 Patent, and therefore denies the same. ISM admits that ACME alleges that a copy of the '575 Patent is attached to the Complaint as Exhibit A, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of whether it is a true and correct copy. ISM admits that the face of the document ACME alleges is a copy of the '575 Patent states that it is entitled "Apparatus And Method For A Weapon Simulator," issued April 8, 2014 ISM is without

sufficient knowledge or information to form a belief as to the truth or falsity regarding the remaining allegations contained in paragraph 10 of the Complaint and, therefore, denies these allegations.

11. ISM admits that ACME had a booth at the 2009 I/ITSEC where it publicly displayed and demonstrated a weapon simulator for attendees. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the remaining allegations contained in paragraph 11 of the Complaint and, therefore, denies these allegations.

12. ISM admits that ACME had a booth at the 2009 I/ITSEC, where it publicly displayed and demonstrated a weapon simulator for attendees. ISM admits that ISM officers and employees attended the 2009 I/ITSEC. ISM admits that Dennis Wilhelm of ISM visited ACME's booth at the 2009 I/ITSEC, observed attendees shooting ACME's weapon simulator that was on display in plain view of attendees. ISM denies the remaining allegations contained in paragraph 12 of the Complaint.

13. ISM admits that ACME had a booth at the 2010 and 2011 I/ITSEC, where it publicly displayed and demonstrated a weapon simulator for attendees. ISM admits that ISM officers and employees attended the 2010 and 2011 I/ITSEC. ISM admits that Dennis Wilhelm visited ACME's booth at the 2010 and 2011 I/ITSEC to say hello to Randy Gurule and Lyle Kordonowy. ISM admits that Paul Talmadge visited ACME's booth at the 2011 I/ITSEC to see the large screen public demonstration. As he watched the public demonstration, Paul Talmadge was grabbed by Randy Gurule and yanked out of the ACME booth. Randy Gurule told Paul Talmadge he had a patent on his weapon simulator and to stay away. After hearing about this incident, Andrew Garvis inquired about Randy Gurule's alleged patent. ISM denies the remaining allegations contained in paragraph 13 of the Complaint.

14. ISM admits having a booth at the 2011 I/ITSEC where it publicly displayed and demonstrated its weapon simulator. ISM denies the remaining allegations contained in paragraph 14 of the Complaint.

15. ISM admits that on several different occasions its President, Andrew Garvis, called ACME to speak with Mr. Gurule. Mr. Garvis was unable to speak with Mr. Gurule because he was either out of the office or otherwise unavailable at the times of the telephone calls. ISM admits that Andrew Garvis spoke with ACME's Chief Engineer, Mike Skelton. Mr. Garvis told Mr. Skelton that ISM was trying to get information on ACME's patent, so they would not violate it. Mr. Skelton told Mr. Garvis that he would speak with Mr. Gurule about it. Mr. Garvis never heard back from Mr. Gurule or Mr. Skelton regarding his inquiry. ISM admits its attorney exchanged written correspondence with ACME. ISM denies the remaining allegations contained in paragraph 15 of the Complaint.

16. ISM admits having a booth at the 2012 and 2013 I/ITSEC where it publicly displayed and demonstrated its weapon simulator. ISM denies the remaining allegations contained in paragraph 16 of the Complaint.

17. ISM admits that on April 8, 2014, the USPTO issued Patent '575. Further answering, ISM admits that it exchanged written correspondence with ACME, and that correspondence speaks for itself. ISM denies the remaining allegations contained in paragraph 17, as phrased.

18. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the allegations contained in paragraph 18 of the Complaint and, therefore, denies these allegations.

19. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the allegations contained in paragraph 19 of the Complaint and, therefore, denies these allegations.

20. ISM denies the allegations contained in the first sentence of paragraph 20 of the Complaint regarding ISM's offering its M240 weapon simulator to prospective customers in or around 2010. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies these allegations.

21. ISM denies the allegations contained in paragraph 21 of the Complaint.

22. ISM admits that as a government subcontractor it has bid on, and received awards of contracts from prime contractors providing training and simulation equipment to branches of the United States military and other government agencies. The remaining allegations contained in paragraph 22 of the Complaint are denied.

## IV. COUNT I (Patent Infringement)

23. ISM incorporates its answers to the re-allegations of paragraphs 1-22 of the Complaint as if they were fully set forth herein.

24. ISM denies that the '575 patent was lawfully issued and currently valid. ISM is without sufficient knowledge or information to form a belief as to the truth or falsity regarding the remaining allegations contained in paragraph 24 of the Complaint and, therefore, denies these allegations.

25. ISM admits that it exchanged written correspondence with ACME, and that correspondence speaks for itself. The remaining allegations contained in paragraph 25 of the Complaint are denied.

26. ISM denies the allegations contained in paragraph 26 of the Complaint.

27. ISM denies the allegations contained in paragraph 27 of the Complaint.

28. ISM denies the allegations contained in paragraph 28 of the Complaint.

## V. COUNT II (Contributory Infringement)

29. ISM incorporates its answers to the re-allegations of paragraphs 1-22 of the Complaint as if they were fully set forth herein.

30. ISM denies the allegations contained in paragraph 30 of the Complaint.

31. ISM denies the allegations contained in paragraph 31 of the Complaint.

## VI. PRAYER FOR RELIEF

32. ISM denies the allegations contained in the WHEREFORE clause of the Complaint (Paragraphs A-H), and denies ACME is entitled to any of the relief contained therein.

## DENIAL OF ALL ALLEGATIONS NOT ADMITTED

33. ISM denies each and every allegation contained in the Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, ISM sets forth the following defenses and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Government Contractor/Subcontractor Immunity)

34. ACME's claims are barred against ISM, whose acts of alleged patent infringement occurred in connection with the performance of a government contract, because 28 U.S.C. § 1498(a) provides that ACME's sole and exclusive remedy for the subject patent infringement claims is a suit against the federal government in the United States Court of Federal Claims.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

35. Each asserted claim of the ‘575 Patent asserted by ACME is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

36. ISM has not and does not infringe any claim of the ‘575 Patent asserted by ACME.

/s/ Jeffrey T. Kuntz
Philip E. Ward, FBN 869600
Email: pward@gray-robinson.com
Jeffrey T. Kuntz, FBN 26345
Email: jkuntz@gray-robinson.com
Evan D. Appell, FBN 58146
Email: evan.appell@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on May 15, 2015, a true and correct copy of the foregoing was furnished via CMECF electronic service to the parties listed below.

Lauren Millcarek, Esquire
Holland & Knight LLP
200 S. Orange Avenue, Suite 2600
Orlando, FL 32801
Lauren.millcarek@hklaw.com

John P. Moran, Esquire
Holland & Knight LLP
800 17th Street NW, Suite 1100
Washington, DC 20006
John.moran@hklaw.com

/s/ Jeffrey T. Kuntz
Philip E. Ward, FBN 869600
Email: pward@gray-robinson.com
Jeffrey T. Kuntz, FBN 26345
Email: jkuntz@gray-robinson.com
Evan D. Appell, FBN 58146
Email: evan.appell@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112
*Counsel for Defendant*

\10960\20 - # 3532420 v2